# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BIJOU INTERNATIONAL CORPORATION,**
       **Plaintiff,**

    v.                                                                                             **Case No. 09C0352**

**KOHL'S DEPARTMENT STORES, INC.,**
       **Defendant.**

## DECISION AND ORDER

Plaintiff Bijou International Corporation ("Bijou") brings this diversity action against defendant Kohl's Department Stores, Inc. ("Kohl's"), alleging that Kohl's breached several agreements calling for Bijou to supply it with jewelry. Bijou is a New York corporation whose principal place of business is New York, and Kohl's is a Delaware corporation whose principal place of business is Wisconsin. First Bijou alleges that it agreed to supply Kohl's with a line of jewelry known as the "Apartment 9" line and that Kohl's breached the agreement on an unspecified date in late 2007 or early 2008. Bijou further alleges that it agreed to supply Kohl's with a line of jewelry known as the "Vera" line and that Kohl's breached this agreement on February 12, 2008.

On June 12, 2008, Bijou sued Kohl's for breaching these agreements in state court in New York. Kohl's moved to dismiss, arguing that the agreements contained a forum selection clause requiring that Bijou bring its suit in a court in Wisconsin or in this district.[1]

---

[1] The agreements also specified that Wisconsin law would govern any disputes that arose.

The court agreed and dismissed the case on December 24, 2008. On April 2, 2009, Bijou commenced the present action.

Before me now is Kohl's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). To survive Kohl's motion, Bijou's complaint must give Kohl's fair notice of the nature of the claim and plausibly suggest that Bijou has a right to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In evaluating the motion, I construe the allegations in the light most favorable to Bijou and draw all inferences in Bijou's favor. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Kohl's principal argument is that the present action is untimely because Bijou did not file it within one year of the date it accrued as required by the parties' agreements.[2] Bijou commenced the present action on April 2, 2009, more than one year after the dates of the alleged breaches. However, Bijou argues that pursuant to two different Wisconsin statutes, Wis. Stat. § 402.725 and Wis. Stat. § 893.15, the time during which Bijou's action against Kohl's in New York was pending is tolled for purposes of the limitation period, and as a result, the present action is timely. Wis. Stat. § 402.725 (1) authorizes merchants to reduce the limitation period in breach of contract cases from six years "to not less than one year." And section (3) provides that

> where an action commenced within the time limited by sub. (1) is so terminated as to leave available a remedy by another action for the same breach such other action shall be commenced after the expiration of the time limited and within 6 months after the termination of the first action . . ..

---

[2]The parties do not dispute that they agreed to a one-year limitation period. Their agreement stated in pertinent part as follows: "Unless an action is commenced . . . within one year after the same accrues, you [Bijou] shall be barred from commencing an action against us [Kohl's] for breach of contract."

2

The above provision appears to defeat Kohl's argument. The present action involves the same breaches as did Bijou's action in New York. The New York action was terminated on the ground that it should have been brought in Wisconsin, a non-substantive ground that did not bar Bijou from bringing another suit. And Bijou brought the second suit after the expiration of the one-year limitation period which the parties had agreed to and within six months of the termination of the New York action.

Kohl's does not directly respond to Bijou's argument based on § 402.725(3). It contends that the limitation period was not tolled by the first suit because Bijou brought it in New York contrary to the forum selection clause. However, the application of § 402.725(3) does not depend on where the plaintiff commences the first action or whether it complies with a forum selection clause.

Thus, for the foregoing reasons, I conclude that Bijou brought the present action within the applicable limitation period. Bijou's action may also be timely as the result of Wis. Stat. § 893.15(3), which provides that "a Wisconsin law limiting the time for commencement of an action on a Wisconsin cause of action is tolled from the period of commencement of the action in a non-Wisconsin forum until the time of its final disposition in that forum." However, because I have resolved the issue under § 402.725, I need not consider the applicability of § 893.15(3).

Kohl's also argues that I should dismiss Bijou's complaint because its agreement with Bijou authorized it to reject or cancel shipments of merchandise for a variety of reasons, including poor quality, and that in the present case, it did no more than exercise such right. However, Bijou asserts that the merchandise in question was of high quality and that under the circumstances, Kohl's had no right to breach the agreements. This

issue raises questions of fact which cannot be resolved on a motion under Rule 12(b)(6).

Therefore, for the reasons stated,

**IT IS ORDERED** that Kohl's motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30 day of June, 2009.

/s_____
LYNN ADELMAN
District Judge